*In the matter of the Estate of* EDGAR CUTHBERT, *deceased.*

BROWN *vs.* THE PUBLIC ADMINISTRATOR.

The statute directing judgments docketed, and decrees enrolled against the deceased, to be paid, according to their respective priorities, before bonds and other obligations, does not refer to foreign judgments, or to judgments recovered in the courts of other States.

A judgment recovered in another State, has no greater force, in respect to the distribution of the assets of a deceased person, than a foreign judgment. Neither at common law, nor under the statutes of this State, have judgments recovered in another State any title to priority of payment over simple contract debts. Creditors claiming on such judgments, must come in with the creditors of the deceased, described in the fourth class of the section of the statute, which prescribes the order in which debts shall be paid.

> J. S. THAYER, *Public Administrator, in person.*

THE SURROGATE.—The deceased, at the time of his death, was indebted to the petitioners, Brown & Dimock, upon a judgment for $405,08, recovered against him in the County Court of Craven County, in the State of North Carolina; and application is now made for an order for the payment of the judgment, as a debt entitled to preference under the statute directing judgments docketed, and decrees enrolled against the deceased, to be paid according to their respective priorities, beforer ecognizances, bonds, sealed instruments, notes, bills, and unliquidated demands and accounts. (2 *R. S.*, *3d ed.*, *p.* 151, § 29.) The provision of the Constitution of the United States, that "full faith and credit shall be given, in each State, to the public acts, records, and judicial proceedings, of every other State," and that Congress may "prescribe the manner in which such acts, records, and proceedings, shall be proved, and

the effect" thereof (*Const.*, *Art.* 4, § 1), does not of itself, in respect to a question of administration, give any greater force or efficacy to a judgment recovered in another State, than belongs to a foreign judgment.    For all purposes of administration, such judgments are to be considered as foreign judgments.    Foreign judgments have no proper force of themselves here, except as *prima facie*, and perhaps, with certain exceptions, conclusive evidence of a cause of action.    (*Cummings* vs. *Banks*, 2 *Barb. Sup. Ct. R.*, 602.) In other respects, they rank only as simple contract debts. Assumpsit is maintainable on a foreign judgment.    If such judgments are to be considered, in a strict and proper sense, judgments within the meaning of our laws,. then they must have all the consequences of judgments ; and if capable of being docketed here, bind lands, and rank as judgment debts in the distribution of the personal assets of deceased persons.    It would also follow, as a consequence, that executors and administrators must, at their peril, take notice of such foreign judgments.    That the provisions of our statutes relative to docketing judgments, and enrolling decrees, do not apply to foreign judgments and decrees, or judgments of other States, is obvious ; and as judgments and decrees have no preference of payment unless dock- eted or enrolled, it is equally obvious that foreign judg- ments and decrees are entitled to no preference.    But apart from this consideration, foreign judgments have never been held at common law to have any preference over simple contract debts.    After the act of Union, it was decided that an Irish judgment had no force as a record in Eng- land ; and Chief Justice Abbott, in discussing the question, said, " I have inquired of a very learned person, whether, in marshalling assets, it is considered to be entitled to priority as an English judgment, and the result of that inquiry is, that it is not."    (*Harris* vs. *Saunders*, 4 *B. & C.*, 411–413 ; *Otway* vs. *Ramsay*, *ibid.*, 414 ; *See Dupleix* vs. *De Roven*, 2 *Vern.*, 540 ; *Walker* vs. *Witter*, *Doug.*, 1 ; *Ferguson* vs. *Mahon*, 11 *A. & E.*, 179.)

I am therefore of opinion that creditors on foreign judgments, and judgments of other States, are not entitled to any priority of payment, but must come in with the creditors of the deceased described in the fourth class of the section of the statute which prescribes the order in which debts shall be paid.